Filed 8/22/24  P. v. Dixon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

GEMMEL A. DIXON,

      Defendant and Appellant.

E081321

(Super. Ct. No. RIF1605459)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley, and Caelle McKaveney, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

Defendant and appellant Gemmel A. Dixon appeals following a resentencing hearing where the trial court struck defendant's two one-year prior prison (Pen. Code,[1] § 667.5, subd. (b)) term enhancements pursuant to section 1172.75 and reaffirmed defendant's upper term sentence of four years, doubled to eight years due to the prior strike conviction defendant had admitted. On appeal, defendant contends the trial court erred and abused its discretion in denying his request to resentence him to a lower or middle term pursuant to Senate Bill No. 567 and the amended provisions of section 1170, subdivision (b). We reject this claim and affirm the judgment.

# II.

## PROCEDURAL BACKGROUND

In May 2017, an information was filed charging defendant with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) and willful endangerment likely to produce great bodily harm or death to a child (§ 273a, subd. (a)). The information also alleged that defendant had sustained two prior prison terms (§ 667.5, subd. (b)) and two prior serious and/or felony strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for a 1997 manslaughter conviction and a 2007 criminal street gang conviction.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

Pursuant to a negotiated plea agreement, defendant subsequently pled guilty to the aggravated assault (§ 245, subd. (a)(4)) offense and admitted that he had suffered two prior prison terms (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c), (e), 1170.12, subd. (c)), to wit, the 1997 manslaughter conviction. In return, the remaining allegations were dismissed, and defendant was sentenced to a stipulated term of 10 years in prison as follows: the upper term of four years for the aggravated assault, doubled to eight years due to the strike, plus two years for the two prior prison terms.

In 2022, defendant's sentence was recalled for resentencing under section 1172.75. During the resentencing hearing on October 31, 2022, the trial court struck defendant's two prior prison terms pursuant to section 1172.75, subdivision (a) as legally invalid based on a change in the law. Defense counsel then asked the trial court to (1) strike the imposed fees and fines, which the court granted, (2) strike defendant's prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), and (3) impose the low term. Counsel explained the low term was warranted because defendant "was 21 at the time, so he was considered a youth, which makes low term the presumptive term." The court continued the matter to allow the parties to submit briefing.

Both parties submitted numerous briefs as to defendant's entitlement to a full resentencing hearing and whether the court could entertain a *Romero* motion in light of the terms in defendant's negotiated plea agreement. Defendant claimed he was entitled to full resentencing and submitted documents to support factors in mitigation. He argued

3

that the court should strike his prior strikes under Assembly Bill No. 333 because his judgment was no longer final. The People argued the court was bound by the terms of the negotiated plea agreement and did not have jurisdiction or authority to invalidate the upper term sentence because defendant had stipulated to a total prison term. The People further asserted the court should not exercise its discretion under *Romero* and that, even if defendant was entitled to full resentencing, an upper term was still justified due to defendant's criminal history.

The continued resentencing hearings were held on February 7, March 2, April 10, and May 8, 2023. Following lengthy arguments by the parties, the court concluded defendant was entitled to a full resentencing hearing under section 1172.75 and the prosecution was not entitled to withdraw the plea agreement. The court noted that it was not limited to only striking the prior prison enhancements under section 667.5, subdivision (b).

On May 8, 2023, following further argument concerning defendant's *Romero* request, the trial court denied defendant's request to dismiss his prior strike due to his lengthy criminal history and "post-conviction conviction" felony while in prison on the instant offense. The court also found that the upper term was still appropriate given defendant's criminal history as presented in his certified rap sheet, and resentenced defendant to an aggregate term of eight years (the upper term of four years, doubled due to the prior strike). Defendant timely appealed.

4

III.

DISCUSSION

Defendant contends the trial court erred and abused its discretion in denying his request to resentence him to a lower or middle term because the trial court did not comply with the requirements of section 1170 as amended by Senate Bill No. 567, and thus the matter must be remanded for a new sentencing hearing. He asserts that no circumstance in aggravation was stipulated to by him or found true beyond a reasonable doubt and the court "simply imposed the upper term based on the terms of the plea agreement."

The People respond that the ameliorative amendments in Senate Bill No. 567 do not apply in the context of a stipulated sentence, and the court should have simply dismissed the prior prison terms and sentenced defendant to the stipulated term. They also assert that even if defendant was entitled to full resentencing, the trial court here granted defendant a full resentencing hearing at which it considered whether there were aggravating factors to support the upper term. The People further contend that even if the court erred by relying on defendant's certified rap sheet in finding aggravating factors under California Rules of Court, rule 4.421(b), the error was harmless.

A. *Applicability of Senate Bill No. 567 to Stipulated Plea Agreements*

At the time defendant originally pled guilty and agreed to the upper term sentence of four years, section 1170, former subdivision (b) "vested the court with 'sound discretion' to simply weigh circumstances in aggravation or mitigation, and any other relevant factors, and then impose any of the three prescribed terms (low, middle, or

5

high)" of a sentencing triad.  (*People v. Salazar* (2023) 15 Cal.5th 416, 426.)

As amended by Senate Bill No. 567, section 1170, subdivision (b) now provides, in pertinent part:  "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶]  (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . .  [¶]  (3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.  This paragraph does not apply to enhancements imposed on prior convictions."[2]  (§ 1170, subd. (b)(1)-(3).)  Broadly speaking, the new sentencing law "make[s] the middle term the presumptive sentence for a term of imprisonment . . . ." (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464 (*Lopez*).)

As a general matter, Senate Bill No. 567's amendments to section 1170 do apply retroactively to all nonfinal cases.  (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.) However, there is a split of authority among the Courts of Appeal as to whether these

---

[2]  California Rules of Court, rule 4.421 enumerates the factors courts may consider as aggravating circumstances.  (*Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 70-71.)

6

amendments apply retroactively to sentences imposed pursuant to stipulated plea agreements. (Cf. *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1063, review granted Feb. 21, 2024, S283452 [defendant entitled to remand], *People v. Todd* (2023) 88 Cal.App.5th 373, 381-382 (*Todd*), review granted Apr. 26, 2023, S279154 [same], and *People v. Fox* (2023) 90 Cal.App.5th 826, 831 (*Fox*) [same] with *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057-1059 (*Mitchell*), review granted Dec. 14, 2022, S277314 [defendant not entitled to remand] and *People v. Sallee* (2023) 88 Cal.App.5th 330, 340-341 (*Sallee*) [same], review granted Apr. 26, 2023, S278690.)[3]

In *Mitchell*, *supra*, 83 Cal.App.5th 1051 review granted, the court stated that, in imposing a sentence as part of a stipulated plea agreement, the trial court "had no opportunity to exercise any discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice' under former section 1170, subdivision (b)." (*Mitchell*, *supra*, at p. 1058.) Rather, "when presented with a stipulated plea agreement, a trial court may either accept or reject it." (*Ibid*.) Section 1170 contemplates imposition of sentence in the trial court's "sound discretion." (§ 1170, subd. (b)(1).) The court in *Mitchell* stated this "language indicates that the statute was not intended to apply to sentences imposed pursuant to a stipulated plea agreement,

_____

[3] According to the Supreme Court's summary of issues, the *Mitchell* appeal presents the following issue: "Does Senate Bill No. 567 (Stats. 2021, ch. 731), which limits a trial court's discretion to impose upper-term sentences, apply retroactively to defendants sentenced pursuant to stipulated plea agreements?"

as the trial court lacks discretion to select the sentence in the first place." (*Mitchell*, *supra*, at p. 1058.)

Defendant acknowledges *Mitchell*, but relies instead on *Todd*, *supra*, 88 Cal.App.5th 373 review granted. Relying on our Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), the *Todd* court disagreed with *Mitchell*, concluding the defendant's "sentence to the aggravated term as a condition of his negotiated plea agreement does not negate the requirements imposed on the court by amended section 1170, subdivision (b), which is retroactively applicable to him." (*Todd*, *supra*, at p. 381.) The court stated that section 1170 as amended "prohibits the imposition of the upper-term sentence absent specific findings." (*Todd*, *supra*, at p. 378.) Thus, "the imposition of the aggravated term exceeds the court's authority unless the statutory prerequisites are met or waived because the aggravated term cannot be imposed absent the court's finding of those circumstances." (*Id*. at p. 379.) Additionally, the *Todd* court stated that adopting the reasoning in *Mitchell* would improperly render the defendant's plea bargain to a stipulated sentence "the very waiver of 'unknown future benefits of legislative enactments' that the Legislature has deemed void as against public policy because his entry of plea on those terms was not 'knowing and intelligent.'" (*Todd*, *supra*, at pp. 379-380, citing § 1016.8, subd. (a)(1) [plea agreements are deemed to incorporate the power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy; entering into plea agreement does not insulate parties from changes in the law the Legislature intended to apply to them], (4)

["plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent"].)

In *Stamps*, *supra*, 9 Cal.5th 685, our Supreme Court considered the retroactive applicability of then recent changes in the law which allowed courts to strike serious felony enhancements which were previously mandatory. Stamps had a negotiated sentence which included a serious felony enhancement and sought remand to allow the trial court to potentially strike it. (*Id*. at pp. 699-700.) The Supreme Court held that the change in the law was retroactive and provided some relief. The limited relief the court offered was that a "defendant should be given the opportunity to seek the court's exercise of its . . . discretion. If the court on remand declines to exercise its discretion . . . , that ends the matter and defendant's sentence stands." (*Id*. at p. 707.) "However, if the court is inclined to exercise its discretion . . . , such a determination would have consequences to the plea agreement. . . . If the court indicates an inclination to exercise its discretion . . . , the prosecution may, of course, agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . .' [Citation.]" (*Ibid*.) Upon exercise of its discretion, a court may also "withdraw its prior approval of the plea agreement," as "[t]he court's exercise of its new discretion to strike the serious felony enhancement, whether considered a new circumstance in the case or simply a

9

reevaluation of the propriety of the bargain itself, would fall within the court's broad discretion to withdraw its prior approval of the plea agreement." (*Id*. at p. 708.)

Under *Stamps*, then, retroactive changes in law entitle defendants with cases that are not final to reconsider their negotiated pleas with full information about the governing law. However, a defendant who wishes to change his or her plea could dismantle the negotiated sentence and return the parties to a pre-plea agreement state if either the People or the court withdraws their assent to the agreement.

*Todd* and *Fox* conclude that *Stamps*'s reasoning applies to cases about retroactively applying Senate Bill No. 567. As *Fox* states, "section 1170[, subdivision] (b)—like section 1385 (the statute at issue in *Stamps*)—involves a trial court's 'exercising [of] its discretion' to make a sentencing choice." (*Fox*, *supra*, 90 Cal.App.5th at p. 834.) "By the same reasoning [as in *Stamps*], although a defendant who agreed to a specific term cannot be resentenced to the middle or lower term while retaining the other benefits of the plea bargain, the defendant may still seek relief under Senate Bill No. 567 with the understanding that if the trial court grants relief, the plea bargain is unlikely to survive." (*Ibid*.) "Indeed, whereas under Senate Bill No. 1393 [the bill considered in *Stamps*] a sentence is lawful regardless of whether a trial court exercises its discretion to strike an enhancement, under Senate Bill No. 567 an upper-term sentence is not even authorized unless aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt. [Citations.] Thus, the statutory amendment here warrants a remand even more clearly than did the one in *Stamps*." (*Ibid*.)

10

In addition, our Supreme Court issued another opinion, *People v. Prudholme* (2023) 14 Cal.5th 961 (*Prudholme*), that arguably charts a third path. In *Prudholme*, the Supreme Court considered whether and how recent changes to the law capping the maximum probation term for many crimes applied to non-final pleas. Rather than follow *Stamps*, the court in *Prudholme* held that remand was not necessary, the People should not be given an opportunity to withdraw from the plea deal, and the appropriate remedy was to unilaterally reduce the plea for a sentence to match the new maximum probation term. (*Prudholme*, *supra*, at p. 978.) The court held that adopting *Stamps* would undermine the legislative goals of the statute, which intended to reduce probation lengths across the board and reduce incarceration for probation violations because "if the bargained-for statutory probation term is now considered insufficient, the People's only recourse would be to require a plea to a more serious offense, making Assembly Bill 1950's two-year probation limit inapplicable, or to seek a prison term. It seems doubtful the Legislature intended that its ameliorative action would transform plea bargains for probationary terms into dispositions calling for admission of a more serious offense or a state prison sentence." (*Prudholme*, *supra*, at p. 977.) The court also held that "[r]educing defendant's probationary term from three to two years here would not so 'fundamentally alter[] the character of the bargain' that the People should have an opportunity to withdraw from the plea agreement" (*id*. at p. 978), in part because it would not offer Prudholme total relief, and "even assuming a modification granting less than total relief to a defendant could still fundamentally alter a plea bargain under some

11

circumstances, the People here agreed to a disposition that included a probationary term for less than the maximum period of five years allowed under then-existing law." (*Id*. at p. 979.) Generally, *Prudholme* advised that courts facing similar contests between ameliorative sentencing changes and section 1192.5's prohibition on modifying plea agreements should look to the Legislature's intent in passing the ameliorative law and effect that intent. (*Prudholme*, *supra*, at pp. 975-976.)

We are persuaded by the reasoning in *Todd* and *Fox*, unpersuaded by *Mitchell* and *Sallee*, and conclude under *Prudholme*'s guidance that the analysis outlined in *Stamps* is appropriate here. First, neither *Mitchell* nor *Sallee* so much as address *Stamps*, the most applicable controlling precedent in this area. Instead, *Mitchell* and *Sallee* hold that section 1170, subdivision (b), does not apply when a trial court takes a plea with an agreement to a stipulated sentence because the trial court is not exercising sentencing discretion under section 1170, subdivision (b). But as *Stamps* points out, the court's power to accept or reject a stipulated plea is itself an exercise of its discretion. Indeed, *Stamps* stated that "[t]he court's exercise of its new discretion to strike the serious felony enhancement . . . would fall within the court's broad discretion to withdraw its prior approval of the plea agreement." (*Stamps*, *supra*, 9 Cal.5th at p. 708.)

Here, it is conceivable that the trial court would not have accepted defendant's plea agreement under the law as it exists now—at least without a factual basis for the upper term, now that the middle term is presumptive without one. That is, just because a court cannot modify the terms of a plea agreement does not mean it lacks any discretion

12

when imposing those terms, as it can always reject the agreement entirely. Remanding would give defendant an opportunity to consider his plea while informed of the applicable law after Senate Bill No. 567, and it allows the trial court to re-evaluate the propriety of defendant's sentence given current law. However, under the circumstances of this case, we need not remand the matter for a new sentencing hearing because the record clearly indicates the trial court followed *Todd* and afforded defendant a full resentencing hearing.[4]

B. *Imposition of Upper Term*

Section 1170 generally provides that a trial court shall impose an upper-term sentence only when there are aggravating circumstances "that justify . . . exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Notwithstanding those proof requirements,

_____

[4] *Todd* noted the appropriate remedy is to "remand the matter to permit [the defendant] to waive or invoke the requirements of section 1170, subdivision (b)." (*Todd*, *supra*, 88 Cal.App.5th at p 381, review granted.) If a defendant invokes those requirements, "the trial court must determine whether the upper term can be imposed in compliance with section 1170[, subdivision] (b). If it can be so imposed, then the sentence will stand. But if it cannot, and the prosecution does not acquiesce to a reduced sentence or the trial court no longer approves of the plea agreement with the reduction, the court must 'return the parties to the status quo.' [Citation.]" (*Fox*, *supra*, 90 Cal.App.5th at p. 835.)

Citing to the court's comment it was "not going to change the negotiated disposition," defendant appears to argue the trial court did not engage in full resentencing. The record belies this claim. The statement was made at the end of the proceedings *after* the court had already weighed the aggravating and mitigating factors and declined to strike defendant's prior strikes and impose the upper term.

13

the trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3); see *People v. Butler* (2023) 89 Cal.App.5th 953, 958-959, review granted May 31, 2023, S279633.)

"We review a trial court's sentencing decisions for an abuse of discretion, evaluating whether the court exercised its discretion 'in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an "individualized consideration of the offense, the offender, and the public interest."' [Citation.]" (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.)

"'To prove an abuse of discretion, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citation.] To meet this burden, the defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion."' [Citation.] '"Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record."' [Citation.]"

(*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988; accord, *Lopez*, *supra*, 78 Cal.App.5th at pp. 466-467.)

To determine whether a trial court abused its discretion in imposing an upper-term sentence, a reviewing court asks whether the aggravating factors relied upon by the trial court could have been found to be unquestionably true, beyond a reasonable doubt. (See *People v. Flores* (2022) 75 Cal.App.5th 495, 500; *Lopez*, *supra*, 78 Cal.App.5th at p. 463; *People v. Zabelle*, *supra*, 80 Cal.App.5th at pp. 1112-1113; see also *People v. Butler*, *supra*, 89 Cal.App.5th at pp. 959-960, review granted; *People v. Wiley* (2023) 97 Cal.App.5th 676, 683, review granted Mar. 12, 2024, S283326 ["the Sixth Amendment did not require that a jury make the determinations at issue here," including whether the defendant's convictions were of increasing seriousness].) Where the record indicates the aggravating factors were supported by uncontroverted evidence, there is no error.[5]

As previously noted, "[p]ursuant to subdivision (b)(3) of section 1170, a trial court 'may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.'" (*Lopez*, *supra*, 78 Cal.App.5th at p. 466.) "'The United States Supreme Court consistently has stated that the right to a jury trial does not apply to the fact of a prior conviction.'" (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 938, citing *People v. Black* (2007) 41 Cal.4th 799, 818.) "[U]nquestionably the trial court may still rely on any

___

[5] In light of our conclusion that the trial court committed no sentencing error here, we need not resolve any split in authority regarding the appropriate harmless error test.

15

single permissible aggravating factor to select an upper term sentence under the newly revised triad system." (*Lopez*, *supra*, at p. 467; accord *People v. Flores*, *supra*, 75 Cal.App.5th at pp. 500-501 [imposition of upper term supported by defendant's prior criminal history and poor performance on probation].)

Here, the trial court considered all the relevant factors submitted by the parties in determining the appropriate term. The court considered defendant's background, defendant's postconviction conduct, the factors in mitigation, the preliminary hearing transcript, the circumstances of the instant offense, letters and statements in support of defendant, and defendant's statement at the resentencing hearing. However, the court found that defendant's criminal record, as supported by the certified criminal rap sheet, supported imposition of the upper term of imprisonment. The court's ruling finds ample support in the record.

People's Exhibit 1, the copy of defendant's certified rap sheet, which the court admitted into evidence at the hearing under seal, reflects that defendant has a lengthy criminal history dating back to 1993. In 1996, defendant was convicted of manslaughter with use of a firearm and sentenced to 14 years in prison. In 2001, defendant was charged with prison assault charges which were later dismissed. In 2003, while incarcerated in state prison, defendant was convicted of attempted damage to prison property and sentenced to one year in prison. He was paroled in 2004/2005 but his parole was revoked twice in 2006. In December 2006, defendant was arrested for selling/transporting drugs while participating in a gang, and convicted of this charge in

16

2007 and sentenced to six years in prison. He was also convicted in another case in San Bernardino County of possession for sale of cocaine base and sentenced to three years, eight months consecutively. Defendant's parole was again revoked thereafter. In December 2015, he was arrested for marijuana sales and unlawful possession of a firearm in Florida and a warrant was eventually issued. The Florida case was dismissed after he was charged in the instant matter. In October 2016, defendant was arrested for the current offenses after he assaulted a 19-year-old victim fracturing her fingers while holding his infant daughter. During the current incident, defendant also threatened the victim and her mother, who was also the mother of his infant daughter, with a firearm and attempted to hit the mother with a vehicle while she was holding his infant child. Finally, in 2020, defendant was charged with possession of contraband while in prison. In fact, defendant admitted to this offense, stating at the May 2024 full resentencing hearing that while incarcerated on the current offense, he "introduced contraband in the prison cell, but only tobacco and THC wax," and was reprimanded. In light of these facts, imposition of an upper-term sentence was not an abuse of discretion.

Defendant's criminal history demonstrates he had numerous prior convictions, that courts had sentenced him to prison on multiple occasions, that he had violated the terms of his parole on three occasions, and that he continued to violate the law. The court's selection of the upper term of imprisonment was not arbitrary or capricious. In addition, contrary to defendant's contentions, the trial court properly relied on defendant's certified criminal record to impose the upper term. (See *People v. Wiley*, *supra*, 97 Cal.App.5th at

17

p. 685, review granted [the increasing seriousness of the defendant's convictions (Cal. Rules of Court, rule 4.421(b)(2)) and his poor prior performance on probation (Cal. Rules of Court, rule 4.421(b)(5)) could be decided by the court under § 1170, subd. (b)(3)]; *People v. Ross* (2022) 86 Cal.App.5th 1346, 1353, review granted Mar. 15, 2023, S278266 [certified records of defendant's prior convictions supported consideration of aggravating circumstances under Cal. Rules of Court, rule 4.421(b)(1), (2), (3) & (5)].)

In *People v. Wiley*, *supra*, 97 Cal.App.5th at page 686 review granted, the court reasoned, section 1170, subdivision (b)(3) "does not specify the court is limited to finding that a prior conviction occurred; instead, it states the court may 'consider the defendant's prior convictions in determining sentencing.' (§ 1170, subd. (b)(3).) And, as our Supreme Court has recognized in the context of the prior conviction exception to the constitutional jury trial right, consideration of prior convictions may establish recidivism-based aggravating factors such as increasing seriousness of the convictions [citation] or prior unsatisfactory performance on probation or parole [citation]. The statutory language does not suggest the Legislature sought to depart from our Supreme Court's constitutional jurisprudence on this point by establishing a significantly narrower *statutory* prior conviction exception." (*People v. Wiley*, *supra*, at p. 686.)

Accordingly, the trial court properly relied on defendant's certified record of convictions, and we thus uphold the court's imposition of the upper term at the full resentencing hearing.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

19